*E-Filed 10/26/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL LARS BREW, | No. C 11-3226 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JEFFREY F. ROSEN, and DAN FEHDERAU, | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Upon reviewing the complaint pursuant to 28 U.S.C. § 1915A(a), the Court has determined that it must abstain from interfering in the on-going state proceedings. For the reasons stated herein, the action is DISMISSED.

## BACKGROUND

Plaintiff was convicted in state court of murdering his son. That conviction was reversed on appeal. Plaintiff was retried, and convicted again. His appeal of the second conviction is pending in the state appellate court. In the instant complaint, plaintiff alleges

that during this second appellate proceeding, defendants, the Santa Clara District attorney and his deputy, violated his federal and state constitutional rights by failing to give him various discovery materials, and that the state appellate court violated his federal and state constitutional rights by failing to grant his motions to discover such materials.  Plaintiff seeks declaratory and injunctive relief, and money damages.

## **DISCUSSION**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971).  The rationale of *Younger* also applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994).  Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53–54.  *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention pursuant to *Younger* is appropriate here.  All of the elements of *Younger* are present; nothing in the complaint suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings.  As to the first *Younger* element, the record demonstrates that plaintiff's state court proceedings are ongoing.  As to the second *Younger* element, the Supreme Court has held that administration of state criminal facilities is an important issue of state interest.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973).  As to the third prong of *Younger*, the court finds no reason that plaintiff cannot pursue his constitutional claims included in this lawsuit in state court,

including on review to the state supreme court. State courts are courts of general jurisdiction and are able to adjudicate questions of federal law. *See Nevada v. Hicks*, 533 U.S. 353, 366–67 (2001). Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Thus, *Younger* abstention is applicable here.

When *Younger* applies, and the federal party seeks injunctive relief, as plaintiff does here, federal courts should dismiss the action in its entirety. *See Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 816 n.22 (1976). In sum, on grounds of abstention and comity, the action is hereby DISMISSED without prejudice.

**IT IS SO ORDERED**.

DATED: October 25, 2011

　　　　　　　　　　　　　　　　　RICHARD SEEBORG
　　　　　　　　　　　　　　　　　United States District Judge